JOHN S. LEONARDO
United States Attorney
District of Arizona
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: matthew.eltringham@usdoj.gov
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 16-1157-TUC-CKJ (DTF) |
| Plaintiff, | |
| vs. | **GOVERNMENT'S RESPONSE TO DEFENSE MOTION TO DISMISS INDICTMENT** |
| Ricardo Peral-Lopez, | |
| Defendants. | (Doc. # 16) |

Plaintiff, the United States of America, by and through undersigned counsel, hereby respectfully submits that the defendant's motion to dismiss the indictment should be denied. The defendant overlooks that there are two ways to violate 18 U.S.C. § 915, as explained more below. Although the indictment is legally sufficient and should not be dismissed for the reasons the defendant advocates, the government nonetheless is considering seeking a superseding indictment to add additional language, which would effectively moot the defendant's motion. Thus, this Court may wish to decline to rule on the defendant's motion at this time. In any event, it should be denied.

I.   Procedural History

On June 8, 2016, a federal grand jury in Tucson returned a two-count indictment for Ricardo Peral-Lopez ("the defendant"). He is charged with False Impersonation of a Diplomat, Consular Officer or Other Foreign Official, in violation of 18 U.S.C. § 915, occurring on August 6, 2014 (Count 1), and April 14, 2016 (Count 2).

1  The two current charges stem from two instances in which the defendant claimed to be employed by the Mexican Consulate in Raleigh, North Carolina. On both occasions, he also claimed to be awaiting a transfer to the Mexican Consulate in Calexico, California.

On August 5, 2016, the defendant filed a Motion to Dismiss the Indictment. (Doc. #16.)  He alleges that an essential element of the crime is that he must have attempted to obtain something of value, and that the indictment must be dismissed because this language is absent. (*Id*.)  This Court should deny the motion.

**II.     Facts**

On September 9, 2011, the U.S. Embassy in Mexico City, Mexico, issued the defendant an A2 diplomatic non-immigrant visa ("A2 diplomatic visa.")  The visa was annotated with "Mexican Consulate Raleigh, NC."

On September 19, 2013, the defendant was issued a second A2 diplomatic visa. The expiration for this visa would have been September 17, 2015, had he remained employed by the Mexican consulate.[1]  The defendant was employed as a clerk by the Mexican Consulate in Raleigh, North Carolina, from October 3, 2011, through November 30, 2013. His diplomatic duties terminated at that time, on November 30, 2013.

On August 6, 2014, the defendant was traveling in a vehicle with another person when they attempted to enter the United States from Mexico at the Nogales Port of Entry, in Nogales, Arizona. The vehicle was selected for a secondary inspection. During the secondary inspection, the defendant identified himself as an A2 diplomatic visa holder. At that time, he was separated from the vehicle and so was his luggage. Authorities did not conduct a secondary inspection of either him or his luggage, because of his purported status as a diplomat.

---

[1] Although the defendant's A2 diplomatic visa ordinarily would have expired two years after issuance under normal circumstances on September 17, 2015, the defendant's diplomatic visa was no longer valid once his diplomatic employment with Mexico terminated on November 30, 2013. This is relevant for purposes of Count 1, where he presented a diplomatic visa on August 6, 2014, and thereby avoided further inspection.

On September 3, 2014, the defendant presented his A2 diplomatic visa to the Arizona Motor Vehicle Department, in an attempt to secure an Arizona Driver's License. A driver's license was issued to the defendant at that time.

On April 14, 2016, the defendant was traveling northbound on I-19 near Tubac, Arizona. He was selected for a secondary inspection by the U.S. Border Patrol at a checkpoint. During secondary inspection, the defendant initially stated that he was a United States citizen, but quickly recanted and provided his Mexican passport, which contained his two A2 diplomatic visas. During the course of the encounter, the defendant stated that he was currently employed by the Mexican Consulate in Raleigh, North Carolina. The defendant showed the supervisory Border Patrol agent his A2 diplomatic visa from 2011, which was stamped "cancelled without prejudice." This same visa also indicated that it was for the Mexican Consulate in Raleigh, North Carolina. The defendant told law enforcement he had worked for the Consulate for a long time, but claimed he was in a transition period. He claimed to be waiting to be transferred to the Consulate in Calexico, California. He further stated that his reason for traveling to the United States was to go to the Mexican Consulate in Tucson to make sure his visa paperwork was in order. When asked by the agent, the defendant stated that he was a lawyer for the Consulate, but later stated that he worked on visas and passports for immigrants.

During this encounter, the defendant consented to a K-9 sniff of his vehicle. The dog alerted for an odor she was trained to detect. But upon a brief search, no contraband was located. The defendant was released.

### III.   LAW AND ARGUMENT

The defendant notes that Counts 1 and 2 do not contain language stating that he obtained or attempted to obtain something of value. He contends that this element must always be charged and proven under 18 U.S.C. § 915. The defendant is incorrect. His indictment is legally sufficient, and as explained below, there are two ways to violate 18 U.S.C. § 915. One of those methods does not require the government to prove that he obtained or attempted to obtain something of value.

In *United States v. Buckley*, 689 F.2d 893 (9th Cir. 1982), the Ninth Circuit stated that two corollary purposes of an indictment are "(1) to ensure that the defendants are being prosecuted on the basis of facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment." *Id.* at 896 (quoting *United States v. Morlan*, 756 F.2d 1442, 1444 (9th Cir. 1985)). *See also Russell v. United States*, 369 U.S. 749, 768-71 (1962); *United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir. 1980); *United States v. Cecil*, 608 F.2d 1294, 1296-97 (9th Cir. 1979).

Moreover, there is no requirement that an indictment specifically choose among two alternative theories of a single crime. "An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts." *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993) (citing *United States v. Jenkins*, 884 F.2d 433, 438–39 (9th Cir. 1989)). An indictment is proper if it (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) ("Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged."). "An indictment . . . need only set forth the essential facts necessary to inform the defendant of what crime [he] is charged; it need not explain all factual evidence to be proved at trial." *United States v. Blinder*, 10 F.3d 1468, 1476 (9th Cir. 1993).

The defendant is charged with two counts of False Impersonation of a Diplomat, Consular, or Foreign Official, in violation of 18 U.S.C. § 915. This statute, contained underneath Chapter 43, "False Personation," provides:

> **§ 915. Foreign Diplomats, consuls or officers**
>
> Whoever, with intent to defraud within the United States, falsely assumes, or pretends to be a diplomatic, consular or other official of a foreign government duly accredited as such to the United States and acts as such, or

> in such pretended character, demands or obtains or attempts to obtain any money, paper, document, or other thing of value, shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 915.

As the plain language demonstrates, Section 915 sets out two separate offenses, either of which violate the statute -- falsely acting as a diplomatic official, and using a false claim of diplomatic status to gain some benefit or thing of value. Each of these crimes has three elements, two of which are identical to each other. The shared elements are: (1) to falsely assume or pretend to be a diplomatic, consular or other official of a foreign government duly accredited as such to the United States; and (2) with intent to defraud. The element unique to the first prong is "and acts as such." The unique element of the second prong is "in such character demands or obtains or attempts to obtain any money, paper, document, or other thing of value."

The Sixth Circuit also noted that, "in establishing the required elements of a statutory violation, the plain language of the statute should be viewed as conclusive . . . Section 915 clearly sets forth the elements of the offense: (1) that, 'with intent to defraud, . . . [one] falsely assumes or pretends to be a diplomatic, consular or other official of a foreign government duly accredited as such to the United States and acts as such' *or* (2) 'in such pretended character, demands or attempts to obtain any money, paper, document, or other thing of value . . .'" *United States v. Charczenko*, 47 F.3d 1170 (6th Cir. 1995) (unpublished) (emphasis added).

The government has charged the first type in both counts, and has included those elements. Count 1 charges:

> On or about August 6, 2014, at or near Nogales, in the District of Arizona, the defendant, Ricardo Peral-Lopez, with the intent to defraud the United States, falsely assumed and pretended to be a diplomatic, consular, or other official of a foreign government duly accredited as such to the United States and acted as such; in violation of Title 18, United States Code, Sections 915.

- 5 -

Count 2 charges the same crime on a different date (on or about April 14, 2016). (*See* Indictment.) Because the charges incorporate the first type of § 915 violation, the elements are 'with intent to defraud, . . . [one] falsely assumes or pretends to be a diplomatic, consular or other official of a foreign government duly accredited as such to the United States and acts as such." *Charczenko, supra*. The government has included this language in each count. It has alleged the defendant falsely pretended to be a diplomatic officer and acted as such. Specifically, on the two charged occasions, the defendant, with intent to defraud, falsely held himself out as a Mexican consular officer employed by the Mexican Consulate in Raleigh, North Carolina, when, in fact, he was not so employed at those times. The government will present evidence supporting the elements, including the defendant's "intent to defraud." *See, e.g., United States v. Morrison*, 491 Fed. Appx. 367, 369 (4th Cir. 2012) (unpublished) ("When viewed in light of the evidence as a whole, including Morrison's dialogue with the officers and the testimony of Morrison's family members regarding his "diplomatic" card, we conclude that the Government presented sufficient evidence to establish that Morrison intended to defraud the officers by presenting the card as diplomatic identification."); *United States v. Ferroni-Carli*, 322 Fed. Appx. 779 (8th Cir. 2009) (unpublished) ("the words 'intent to defraud' do not require more than that the defendants have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct") (internal quotations and citations omitted); *United States v. Shaabu El*, 275 Fed. Appx. 205, 206–08 (4th Cir. 2008) (there was sufficient evidence to support the intent-to-defraud element based on defendant's verbal assertions of diplomatic status and his presentation of documents "purporting to back his diplomatic status," even though he argued he lacked intent to defraud authorities because he had a "good faith" belief that his representations were true). The government does not also need to allege (or prove) that he "in such pretended character, demand[ed] or attempt[ed] to obtain any money, paper, document, or other thing of value," because that is another way (but not the only way) to commit the offense.

The defendant's contrary argument overlooks the "or" in the plain language of § 915. He also relies on cases that did not specifically address the plain language and distinction between the two prongs in that statute. For example, over 50 years ago, the Fifth Circuit stated, without any real analysis of the plain language, that the elements of a § 915 crime are: (1) false assumption or pretension to be a consular official duly accredited as such to the United States; (2) in such pretended character the obtaining of a thing of value; and (3) an intent to defraud. *Cortez v. United States,* 328 F.2d 51, 52 (5th Cir. 1964). The defendant relies on this case to support his claim that the "thing of value" element must be charged and proven in all § 915 cases. He also relies on the unpublished Eighth Circuit decision in *Ferroni-Carli*, 322 Fed. Appx. 779, which cited *Cortez* for the general standard without further analysis. (The court in *Ferroni-Carli* was bound by *Cortez*, as it noted. *See id*. n.1.) Other courts have also mentioned "something of value," but without analyzing the elements or whether there are two ways to violate the statute, and there was no debate that a "thing of value" was relevant in those cases. *See, e.g., United States v. The-Nimrod Sterling*, 2016 WL 3615721, at *1-4 (8th Cir. July 6, 2016) (court quoted § 915 without further elaborating on elements; it simply noted that jury could have found defendant had obtained a thing of value); *United States v. Morrison*, 491 Fed. Appx. 367, 369 (4th Cir. 2012) (unpublished) (same); *United States v. Hillman*, 610 Fed. Appx. 574, 575–78 & n.2 (7th Cir. 2015) (noting that a defendant violates § 915 when he tries to "use diplomatic privilege as a shield against the law," citing cases, including *Charczenko*, *supra*, without mentioning "thing of value"); *see also* other cases *infra*.

While the *Cortez* opinion did not discuss the legislative history behind 18 U.S.C. § 915,[2] it did rely on a Supreme Court decision, *United States v. Barnow*, 239 U.S. 74, 78,

---

[2] The plain language of § 915 controls this issue, so legislative history need not be consulted in any event. Reliance on legislative history is unnecessary when the statute's language is plain. *United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000). "A statute can be unambiguous without addressing every interpretive theory offered by a party." *Salinas v. United States*, 522 U.S. 52, 60 (1997).

- 7 -

(1915), issued just two years before Section 915's enactment. *Barnow* construed a related statute, now codified at 18 U.S.C. § 912, which prohibits impersonating a United States officer or employee. The district court in *Barnow* dismissed an indictment because the defendant there had represented himself as a government employee "who never existed or whose class never existed." *Barnow*, 239 U.S. at 76. The Supreme Court reversed because: "It is the false pretense of Federal authority that is the mischief to be cured; of course, only when accompanied with fraudulent intent, but such a pretense would rarely be made for benevolent purposes." *Id*. at 78. Nothing in *Barnow* precludes this Court from examining the plain language of § 915 as the government advocates. The Sixth Circuit properly recognized in *Charczenko* that the plain language of § 915 provides two methods of committing the offense.

Thus, because there are two ways to violate § 915, the government could properly charge the first method, namely, that, with the intent to defraud, the defendant falsely assumed, or pretended to be a diplomatic, consular or other official of a foreign government and acted as such. It has done that here. The defendant has received proper notice of the charges against him so that he can "defend or plead his case adequately." *United States v. Flemming*, 215 F.3d 903, 935 (9th Cir. 2000).

Having said the above, and although the indictment is legally sufficient under § 915, there is, in fact, evidence showing that the defendant also violated the statute in the second manner. The defendant, with "intent to defraud," and "in such pretended character" [i.e. pretending to be a consular officer], "obtain[ed] or attempt[ed] to obtain any . . . thing of value." 18 U.S.C. § 915. For example, on August 6, 2014, as noted earlier, when the defendant's vehicle was selected for secondary inspection at the Nogales Port of Entry, he identified himself to the authorities as an A2 visa holder. He consequently evaded further inspection, thereby "obtaining" a "thing of value." *See Hillman*, 610 Fed. Appx. at 577 ("we agree with the other circuits that a defendant violates § 915 when he tries to 'use diplomatic privilege as a shield against the law'") (quoting *United States v. Callaway,* 446 F.2d 753, 753-55 (3d Cir. 1971) (noting that the defendant's "successful impersonation of

a duly accredited Canadian diplomat allowed him to avoid lawful authority and obtain release from possible custody and arrest"); *The-Nimrod Sterling*, 2016 WL 3615721, at *3–4 ("Officer Preston testified that this [diplomatic identification card defendant presented] led him to give Sterling a warning rather than a speeding ticket," which constituted "something of value").

Similarly, on April 14, 2016, he was selected for a secondary inspection by the U.S. Border Patrol at a checkpoint. He again claimed to be a Mexican consular officer and showed an A2 diplomatic visa. Although the authorities ultimately ended up searching his vehicle, with his consent, the evidence supports that he pretended to be a diplomat and "attempted to obtain any . . . thing of value," namely, he tried to evade further inspection again (as he successfully accomplished on the earlier occasion). *See also United States v. Shaabu El,* 275 Fed. Appx. 205, 207 (4th Cir. 2008) (unpublished) ("Attempting to secure immunity from possible prosecution is a 'thing of value' within the meaning of this statute."), as quoted in *Morrison*, 491 Fed. Appx. at 369 (defendant "attempted to obtain a 'thing of value' by presenting the Moorish National card in response to the officers' request for identification" in an "attempt to use it 'as a shield against the law'") (quoting *Callaway,* 446 F.2d at 754).

Although the indictment "need not specify the theories or evidence upon which the government will rely" to prove the charge, *Cochrane*, 985 F.2d at 1031, so that the government may be able to prove its case at trial under the second theory (even if "thing of value" is not stated in the indictment), the government is currently assessing whether to seek a superseding indictment to include that language, so that it may clearly seek a conviction based on either theory at trial under § 915. If the government files a superseding indictment to include this language, this would effectively moot the defendant's motion. In any event, because the indictment is not legally insufficient for the reasons the defendant advocates, his motion to dismiss should be denied.

- 9 -

### III. Conclusion

The defendant's motion to dismiss should be denied because the indictment is legally sufficient. In any event, the motion may be rendered moot if the government files a superseding indictment to include additional language, which it may choose to do. This Court may wish to decline to rule on this motion at this time. If, however, this Court addresses the issue and determines that the current indictment is legally insufficient without the additional language the defendant advocates, no dismissal is warranted in any event. The government could remedy matters by seeking a superseding indictment, by filing a bill of particulars, or by filing a motion to amend the indictment. If this Court determines that a dismissal order is appropriate, any dismissal should be without prejudice, so that charges may be refiled.

Respectfully submitted this 19th day of August, 2016.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/Matthew G. Eltringham*

MATTHEW G. ELTRINGHAM
CHRISTINA M. CABANILLAS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 19th day of August, 2016, to:

Hugo Reyna, attorney for Peral-Lopez