IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Ricardo Peral-Lopez,<br><br>　　　　　Defendant. | No. CR-16-01157-001-TUC-CKJ (DTF)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Before the Court is Defendant Ricardo Peral-Lopez's Motion to Dismiss Superseding Indictment for Prosecutorial Misconduct in Grand Jury Proceedings (Doc. 44). The government filed its response (Doc. 51) and the Court heard oral argument on December 21, 2016. For the reasons set forth below, the Court recommends that the District Court, after its independent review of the record, deny Defendant's motion.

**Facts**

　　　　Based on the government's response and its representations at the hearing on Defendant's motion, the following facts relevant to Defendant's motion are:

　　　　On August 31, 2016, a federal grand jury returned a two-count superseding indictment charging Defendant Ricardo Peral-Lopez (Defendant) with Impersonation of a Diplomat, Consular Officer or Other Foreign Official, in violation of 18 U.S.C. § 915. The charges stem from events alleged to have occurred on April 14, 2014 and August 6, 2014. On August 6, 2014, Defendant attempted to enter the United States from Mexico at the Nogales Port of Entry. Defendant presented his A-2 visa and the vehicle he was

traveling in was selected for a secondary inspection. During this secondary inspection, Defendant was separated from the vehicle and so was his luggage. No secondary inspection of Defendant or his luggage was conducted.

Earlier, on April 14, 2014, Defendant was selected for a secondary inspection by United States Border Patrol while traveling northbound on I-19 near Tubac, Arizona. During this secondary inspection Defendant is alleged to have stated that he was a United States citizen, quickly recanted that representation, and presented a Mexican passport. The Mexican passport is alleged to contain Defendant's A-2 visas. One of the A-2 visas is stamped "Canceled Without Prejudice." During the course of the encounter, Defendant is alleged to have stated that he was currently employed by the Mexican Consulate in Raleigh, North Carolina. Defendant showed the supervisory Border Patrol agent his A-2 visa that is stamped "Cancelled Without Prejudice." This same A-2 visa indicates that it was for the Mexican Consulate in Raleigh, North Carolina. It is alleged that Defendant claimed to have worked for the consulate for a long time, but was in a transition period. It is also alleged that Defendant claimed to be waiting to be transferred to the consulate in Calexico and that his reason for travelling to the United States was to go to the Mexican Consulate in Tucson to ensure his paperwork for his visa was in order. Finally, it is alleged that, in response to questioning by the Border Patrol agent, Defendant stated that he was a lawyer for the consulate and stated that he worked on visas and passports for immigrants.

**Legal Standard**

"An indictment returned by a legally construed and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial on the merits. The Fifth Amendment requires nothing more." *Costello v. United States*, 350 U.S. 359, 363 (1955). "Constitutional grounds for dismissal are limited … because the grand jury's determination is a preliminary one and because the full panoply of constitutional protections will be available at trial." *United States v. De Rosa*, 783 F.2d 1401, 1405 9th Cir. 1986) (quoting *United States v. Sears Roebuck & Co., Inc.,* 719 F.2d 1386, 1391 (9th

Cir. 1983). In cases of alleged prosecutorial misconduct, the Court's power to dismiss an indictment on the ground of prosecutorial misconduct is frequently discussed but rarely invoked." *United States v. Samango*, 607 F.2d 87, 881 (9th Cir. 1979).

There is a strong presumption that a prosecutor behaved properly in conducting grand jury proceedings. *Costello*, 350 U.S. at 363. The relevant inquiry focuses on the impact of the prosecutor's misconduct on the grand jury's impartiality not on the degree of the prosecutor's culpability. "Even if the prosecutor's actions constituted misconduct, [the defendant] must demonstrate a reasonable inference of bias on the part of the grand jury resulting from those actions." *De Rosa*, 783 F.2d at 1406 (quoting *United States v Polizzi*, 500 F.2d 856, 887-88 (9th Cir. 1974)).

"One challenging an indictment carries a difficult burden. He must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment." *United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) (citing *United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982)). "Dismissal of an indictment is required only in flagrant cases in which the grand jury has been overreached or deceived in some significant way, as where perjured testimony has knowingly been presented[.]" *United States v. Samango*, 607 F.2d 877, 882 (9th Cir. 1979) (quoting *United States v. Thompson*, 576 F.2d 784, 786 (9th Cir. 1978)).

**Analysis**

Defendant makes three arguments in support of his motion. First, Defendant argues that false and misleading information was presented to the grand jury through the testimony of Border patrol Agent Reynolds. Defendant cites excerpts[1] from the transcript of the grand jury proceeding wherein agent Reynolds testifies that Defendant claimed to have an A-2 visa or diplomatic status and this is why he (Defendant) was not subject to a secondary inspection. Defendant argues that this testimony is false because Defendant

---

[1] The Court mentioned at oral argument that it did not have a copy of the grand jury transcript. Neither side presented the Court with the transcript of the grand jury proceeding.

- 3 -

denies having told agent Reynolds that he claimed to have an A-2 visa or diplomatic status. In its opposition, the government argues that this testimony by agent Reynolds is not false or misleading but, rather, is testimony that it expects to elicit at trial. The government reiterated its position at oral argument.

Second, Defendant argues that testimony given to the grand jury that Defendant was trying to hasten the encounter with Border Patrol using his diplomatic status was false and misleading because he (Defendant) did not claim to the Border Patrol agent that he had diplomatic status. Just as in its response to Defendant's' first argument, the government represents that it intends to present evidence at trial from which a jury could determine that Defendant stated that he was currently employed by the Mexican Consulate in Raleigh, North Carolina, he showed the supervisory Border Patrol agent his A-2 diplomatic visa, stated that he worked for the consulate for a long time, and, when questioned about crossing in Nogales, he claimed to be in transition and that he was being relocated to the Mexican Consulate in Calexico, California. The government argued in its opposition and reiterated at oral argument that these facts, which it intends to prove at trial, support testimony elicited from the agent at the grand jury proceedings that "[b]ased on the defendant's statements given to the Border Patrol agent," the defendant "was […] trying to kind of move through the encounter as quickly as possible in using his diplomatic status as a way to do so[.]"

Third, Defendant argues that testimony elicited at the grand jury proceeding to the effect that Defendant did not have diplomatic status that would end or terminate after a 30-day grace period was false or misleading because the grand jury was lead to believe that Defendant was claiming to have diplomatic status from his employment, which Defendant says is false. As with Defendant's other two arguments, the government responds that, in light of the anticipated facts to be elicited at trial, it was not false or misleading for the government to elicit testimony regarding the 30-day grace period.

In sum, in response to the portions of the grand jury testimony that Defendant argues is false or misleading, the government responds that the testimony is, in fact, its

- 4 -

anticipated trial facts. As mentioned above, the Court is without the grand jury transcript and is therefore left to consider the testimony given at the grand jury proceeding as reported in the motion and response. In light of the testimony highlighted in Plaintiff's motion and the government's representation of the anticipated evidence at trial, the Court concludes that Defendant has failed to make a showing of flagrant misconduct on the part of the prosecution.

**Recommendation**

It is recommended that, after its independent review of the record, the District Court **DENY** Defendant's Motion to Dismiss Superseding Indictment for Prosecutorial Misconduct in Grand Jury Proceedings (Doc. 44).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 22nd day of December, 2016.

D. Thomas Ferraro
United States Magistrate Judge